### KREMER v. HAAS.

(Supreme Court, Appellate Term. June 24, 1910.)

SALES (§ 359*)—REMEDIES OF SELLER—ACTION FOR PRICE—EVIDENCE.

In an action for the price of goods sold, evidence *held* insufficient to sustain a defense of payment.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1059; Dec. Dig. § 359.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Julius G. Kremer, as trustee in bankruptcy of Gabriel Marks and another, bankrupts, against Louis Haas. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Henry L. Franklin, for appellant.
Nathan G. Goldberger, for respondent.

GUY, J. The plaintiff appeals from a judgment in favor of defendant, in an action brought by a trustee in bankruptcy of the firm of Marks & Groch to recover the agreed price of merchandise, consisting of a lady's garment, sold and delivered by said firm to the defendant. The defense is payment.

Defendant admitted that he purchased the merchandise in question from said firm for the use of his sister, and testified that subsequent to the purchase, by agreement with one of the members of said firm, who knew for what purpose the article had been purchased, the account of said firm wth the Rennard Company, of whch defendant was president, was credited with the purchase price of said merchandise, and defendant was himself charged on the books of said company with the same amount. The evidence on this point is, however, insufficient. No copy of an account rendered to said firm by the Rennard Company was offered in evidence showing such a credit, and the only evidence that defendant was charged with the same amount on the books of the Rennard Company consisted of the reading by defendant of the contents of a card which was not offered in evidence, and to the reading of which objection was made and an exception taken by plaintiff's counsel. Plaintiff denied payment, and the admission of such evidence was error, and prejudicial to plaintiff. While the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

amount involved is small, plaintiff is entitled to have the usual rules of evidence applied to the trial of the action.

The judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.